**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

GOGUADZE MAMUKA,

    Petitioner,

v.

CHRISTOPHER BULLOCK, Field Office
Director of U.S. Immigration and Customs
Enforcement, New Orlean Field Office,[1]

    Respondent.

)
)
)
)
)
)
)
)
)
)
)

No. 2:26-cv-02851-SHL-tmp

---

**ORDER STAYING TRANSFER AND REQUIRING RESPONSE**

---

On July 13, 2026, pro se Petitioner Goguadze Mamuka filed the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241.  (ECF No. 2.)  The handwritten petition challenges Mamuka's continued detention "for [the] last 7 months."  (Id. at PageID 7.)  Mamuka states that he is a citizen of Georgia who "was a political worker" and came to the United States seeking asylum.  (Id.)  He seeks release from Respondent's custody, desiring "to go to [his] home in New York and fight [his immigration] case from home."  (Id. at PageID 8.)

Mamuka attaches a document showing that, in 2023, he pled guilty to theft in Sullivan County, Tennessee.  (ECF Nos. 2-1 at PageID 11.)  He states that the matter "was settled" and the "court dismiss[ed] it."  (ECF No. 2 at PageID 7.)  Without condoning the criminal conduct, the Court notes its recent ruling that 8 U.S.C. § 1226(c)(1)(E)(ii), the provision of the 2025

---

[1] The only proper Respondent in this action is Christopher Bullock, Field Office Director of Enforcement and Removal Operations, New Orleans Field Office, Immigration and Customs Enforcement.  See Rosciszewski v. Adducci, 983 F. Supp. 2d 910, 913–14 (E.D. Mich. 2013) ("[T]he ICE District Director is the proper respondent in a habeas petition brought by an alien, since the District Director has power over such aliens.").

Laken Riley Act attaching immigration consequences to the crime of theft, does not apply retroactively.  See Vazquez Mederos v. Bullock, No. 26-CV-02178, 2026 WL 1990450, at *2 (W.D. Tenn. July 9, 2026) ("When [petitioner] was arrested for shoplifting in 2023, he did not have fair notice at that time that he would be subject, years later, to mandatory immigration detention without a meaningful bond hearing.").

On May 11, the Sixth Circuit issued the opinion in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), affirming that a noncitizen who has spent "significant time . . . within the interior of the United States," and who has not committed an offense rendering them ineligible under § 1226(c), may not be detained without an individualized bond hearing.  175 F.4th at 734.

Upon review of the Petition, it is **ORDERED** as follows:

(1)     The Clerk of Court shall email copies of **the Petition (ECF No. 2) and this Order (ECF No. 5)** to the United States Attorney for the Western District of Tennessee at the following email address: **stuart.canale@usdoj.gov**.

(2)     Within **two business days** of the filing of this Order, Respondent shall respond to the Petition in writing.  If the basis of Mamuka's detention is 8 U.S.C. § 1225(b)(2)(A) and Respondent continues to oppose release, Respondent shall either distinguish this case from Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), or state why Lopez-Campos otherwise does not apply.  If no such showing is made, Respondent shall state whether he consents to the issuance of the writ.

(3)     Mamuka may file a reply after Respondent's responsive filing.

(4)     Respondent shall not transfer Mamuka out of the West Tennessee Detention Facility during the pendency of the Petition.

**IT IS SO ORDERED,** this 15th day of July, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE